IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian A. Allen, #244358, ) | Civil Action No.: 9:14-1547-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Joseph McFadden, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

## **BACKGROUND**

The petitioner Adrian A. Allen ("the petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the Court on the respondent's motion for summary judgment (ECF No. 25). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report"). On March 10, 2015, Magistrate Judge Marchant issued a Report recommending that the respondent's motion for summary judgment be granted, and the petition be dismissed with prejudice. (ECF No. 38.) The Magistrate Judge advised the petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 38 at 29.) The petitioner was granted an extension of time to file objections, which were due on May 4, 2015.

Having received no objections, on May 7, 2015, the Court entered an order (ECF No. 43) finding there was no clear error in the Report and adopting it in full. Later that same day, the Court learned that the petitioner had in fact submitted an objection, which was received in the prison mail room on May 4, 2015, but was not mailed until May 5, 2015. (*See* ECF No. 46-2 at 2.) The petitioner explained in his objection that his facility was

locked down for a health-related screening. (*See* ECF No. 46-1 at 1.) A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Accordingly, the Court withdraws the order it issued on May 7, 2015, and will consider the petitioner's objections.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The facts and procedural history of this case are thoroughly set forth in the Report, and need not be reiterated here. The petitioner clearly dislikes and disagrees with the outcome of the Report, but he does not direct the Court to any specific error in the

Magistrate Judge's analysis. Rather, his lengthy objection largely reiterates the arguments that he made in his long-winded response in opposition to the motion for summary judgment. In both instances, the petitioner cites dozens of decisions that either have no application to his case or are clearly distinguishable. The Magistrate Judge thoroughly addressed these arguments in his Report, and, after conducting a *de novo* review, the Court agrees with his analysis.

The Magistrate Judge correctly rejected the petitioner's claim in Ground 1 because: (a) the trial court adequately advised the jury of the law requiring it to find guilt beyond a reasonable doubt, and the court was not required to define reasonable doubt under clear state and federal authority; and (b) because the *Belcher* holding upon which the petitioner seeks to rely was issued more than four years after his trial and explicitly stated that it would *not* apply to convictions challenged on post-conviction relief. Furthermore, *Belcher* would only apply if evidence had been presented "that would reduce, mitigate, excuse, or justify the homicide." *State v. Belcher*, 685 S.E.2d 802, 803-804 (2009). As the Magistrate Judge correctly noted, such evidence was not present in the case at hand.

Additionally, the Magistrate Judge correctly found that grounds 2-4 were exhausted because they were not properly raised in state court proceedings and that the petitioner's default was not attributable to ineffective assistance on the part of his PCR counsel under the "narrow exception" created in *Martinez v. Ryan*, 565 U.S. __, __, 132 S.Ct. 1309, 1316, (2012). The petitioner's objections are, accordingly, overruled, and the Court adopts and incorporates the Report and Recommendation (ECF No. 38) by reference into this order.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court

adopts and incorporates the Report and Recommendation (ECF No. 38) by reference into this order.

It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 25) be GRANTED, and the petition dismissed *with prejudice.*

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

May 12, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.